IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| SHELTON R. MODELIST, | § |
| | § |
| Plaintiff, | § |
| | § |
| VS. | §   CIVIL ACTION NO. H-12-3127 |
| | § |
| A.M. SANCHEZ, *et al.*, | § |
| | § |
| Defendants. | § |

**MEMORANDUM AND ORDER**

The plaintiff, Shelton Modelist, proceeding *pro se*, sued City of Houston police officers and the City of Houston Police Department (together, the "defendants") alleging improper arrest and excessive force during the arrest. Mr. Modelist also sued Abelardo Reyes, a private citizen. This court dismissed Reyes from the suit because Mr. Modelist had failed to state a claim under federal law against him. (Docket Entry No. 23). The remaining defendants moved to dismiss the suit on the basis of limitations, (Docket Entry No. 14), and Mr. Modelist responded, (Docket Entry No. 29).

Based on the pleadings, the motion and responses, the parties' submissions, and the applicable law, the motion to dismiss is granted. The reasons are explained below.

**I.    Background**[1]

Mr. Modelist alleged that on June 13, 2010, he called the Houston Police Department to report an illegally parked vehicle. (Docket Entry No. 1 at ¶ 8). About ninety minutes later, Mr. Modelist saw two police cars parked a block away from the parked vehicle that he had reported.

---

[1] Because the defendants have moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), this court accepts as true the complaint's factual allegations. *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2079 (2011)

(*Id.*).  He walked towards the police cars, where Officer A.M. Sanchez and another police officer were standing.  (*Id.*).  Mr. Modelist alleged that when he reached the officers, they turned him around, twisted his arm, and used unnecessary pressure to place him in handcuffs, all without justification. (*Id.* at ¶ 9).  The officers' actions allegedly injured Mr. Modelist's arm and caused him to drop a breakfast sandwich he was eating.  (*Id.*).  Mr. Modelist also claimed that the officers intentionally created false police reports about the illegally parked car.  (*Id.* at ¶ 10).

Mr. Modelist alleged that his arrest prevented him from securing his "real property," which led to "burglary, theft, and vandalism." (*Id.* at ¶ 11).  The officers took Mr. Modelist to the police station, where he was detained until he and his "extended Father" posted bond. (*See id.*).  Following his arrest, Mr. Modelist made court appearances, which he alleged caused "continued loss of economic callings." (*Id.* at ¶ 12).  On October 21, 2010, the charges against him were dropped. (*Id.*).  It is unclear from the record what crimes Mr. Modelist was charged with committing.

Mr. Modelist filed this suit on October 19, 2012.  He asserted claims under 42 U.S.C. § 1983, claiming that his arrest and the force used to effectuate it violated his Fourth Amendment rights. (*Id.* at ¶¶ 14–19).  The defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, (Docket Entry No. 14), contending that limitations bars Mr. Modelist's suit.

The arguments for dismissal and the responses are analyzed below.

## II.     The Legal Standard for a Motion to Dismiss

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(B)(6). In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court confirmed that Rule 12(b)(6) must

be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008). The Supreme Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 677.

"[I]n deciding a motion to dismiss for failure to state a claim, courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint . . . courts may also consider matters of which they may take judicial notice." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir. 1996). The court may "consider documents integral to and explicitly relied on in the complaint, that the defendant appends to his motion to dismiss, as well as the full text of documents that are partially quoted or referred to in the complaint." *In re Sec. Litig. BMC Software, Inc.*, 183 F. Supp. 2d 860, 882 (S.D. Tex. 2001). The court may consider such extrinsic materials as matters of public record without converting the motion into one seeking summary judgment. *See Md. Manor Assocs. v. City of Houston*, 816 F. Supp. 2d 394, 404 n.5 (S.D. Tex. 2011).

### III.   Analysis

The threshold issue is whether Mr. Modelist filed this suit too late. Federal law does not provide a specific statute of limitations for claims under 42 U.S.C. § 1983. Federal courts borrow the forum state's general or residual tort limitations period. *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). In Texas, that is two years. TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a).

Although state law controls the limitations period for § 1983 claims, federal law determines when a cause of action accrues. *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993). A claim accrues when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989) (internal quotations omitted). Claims for violations of the Fourth Amendment based on false arrest accrue when the plaintiff "becomes held pursuant to [legal] process—when, for example, [s]he is bound over by a magistrate or arraigned on charges." *Reed v. Edwards*, 487 F. App'x 904, 905 (5th Cir. 2013) (alterations in the original) (quoting *Wallace v. Kato*, 549 U.S. 384, 389–90 (2007)).

Mr. Modelist filed his § 1983 claims more than two years after they accrued. His claims for excessive force are based on the June 13, 2010 arrest. The claims for excessive force accrued on June 13, 2010; Mr. Modelist had the facts that are the basis of his use-of-force claim on that date. But Mr. Modelist did not file suit until October 19, 2012, outside the two-year-limitations period.

As to the false-arrest claim, Mr. Modelist was detained pursuant to legal process after his bond hearing or arraignment. *See Wallace*, 549 U.S. at 389–90. The complaint states that his bond hearing or arraignment was held "numerous months" before the charges against him were dismissed on October 21, 2010. (Docket Entry No. 1 at ¶ 12). Mr. Modelist's own allegations show that he was held pursuant to legal process before October 19, 2010, the last date his claims could have accrued for his suit to have been timely. His false-arrest claim was untimely. It is irrelevant that the charges against him were not dismissed until October 21, 2010. Limitations bars Mr. Modelist's suit.

**IV.     Conclusion**

The defendants' motion to dismiss, (Docket Entry No. 14), is granted. Because further amendment would be futile, the dismissal is with prejudice. Final judgment is separately entered.

SIGNED on March 7, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge